UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 20-80** |
| **BERNELL GALE** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Bernell Gale's ("Gale") motion in opposition to the government's restitution request.[1] The government opposes the motion.[2] For the reasons below, the Court denies the "motion in opposition to the restitution request."[3]

### I. FACTUAL BACKGROUND

On October 21, 2020, Gale pleaded guilty to one count of conspiracy to commit mail fraud in connection with his involvement in two staged automobile accidents that occurred on May 17, 2017.[4] This Court sentenced Gale to 36 months of probation on March 1, 2023.[5] At sentencing, the Court deferred decision on Gale's sentence of restitution, and a restitution hearing is scheduled for May 24, 2023.[6] The government has requested that this Court impose restitution in the amount of $20,408.48,

---

[1] R. Doc. No. 615.
[2] R. Doc. No. 617.
[3] R. Doc. No. 615.
[4] *See* R. Doc. Nos. 1 (indictment); 105 (minute entry of Gale's guilty plea as to Count 1).
[5] R. Doc. No. 565.
[6] R. Doc. No. 613.

representing legal expenses and settlements paid by insurance companies in connection with the collisions.[7]

In the instant motion, Gale asks the Court to deny the government's request for "restitution in any amount above those losses incurred by those directly harmed by Mr. Gale's criminal conduct of mail fraud."[8] Specifically, Gale argues that he should not be held responsible for settlement payments related to a collision which Gale observed but did not participate in, nor for legal expenses incurred in connection with a fraudulent lawsuit filed by a different individual related to the collision in which Gale directly participated.

As stated in the factual basis, codefendant Troy Smith ("Smith") contacted Gale on or about May 16, 2017, "and asked if Gale wanted to participate in a staged automobile accident in New Orleans."[9] Gale agreed.[10] On May 17, 2017, Smith, Gale, and codefendant Marvel Francois ("Francois") traveled in a blue 2007 Dodge Durango to "a parking lot near a fast food restaurant in New Orleans," where they met with other individuals involved in the scheme.[11] In the parking lot, it was agreed that Damian Labeaud ("Labeaud") would stage two accidents: first while driving a Ford F-150 belonging to a co-conspirator, and second while driving the Durango.[12]

---

[7] R. Doc. No. 617, at 5.
[8] R. Doc. No. 615-1, at 6.
[9] R. Doc. No. 110, at 2.
[10] *Id.*
[11] *Id.* at 3.
[12] *Id.*

Gale, among other co-conspirators, followed in the Durango as Labead drove the F-150.[13] Gale observed the F-150, driven by Labeaud, "intentionally speed up and collide with a tractor-trailer that was merging" onto the highway.[14] Labeaud then exited the F-150 to make it appear as though a different co-conspirator was driving.[15] "Phone records indicate that [an occupant of the F-150] exchanged phone calls with [occupants of the Durango] before and after this accident."[16]

"After the Ford F-150 accident, Smith, Gale, Franois and [an unnamed co-conspirator] agreed to allow Labeaud to drive the Durango" while they "remained in the Durango" as passengers.[17] Labeaud then "intentionally collided with" a tractor-trailer and exited the vehicle to make it appear as if Francois was driving the vehicle at the time of the collision.[18]

The passengers involved in each of the above-described staged accidents subsequently hired lawyers and filed fraudulent lawsuits alleging that the tractor-trailer drivers were at fault. An attorney filed one lawsuit on behalf of Gale and Smith, and a separate lawsuit on behalf of Francois, related to the Durango collision.[19] An attorney also mailed a settlement demand on behalf of Gale to

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* at 4.
[18] *Id.* at 4–5.
[19] *Id.* at 6. The lawsuit on behalf of Gale and Smith sought damages from the entity operator of the tractor-trailer and two insurance companies. The lawsuit on behalf of Francois sought damages from the entity operator of the tractor-trailer, the individual driver of the tractor-trailer, and one insurance company. *Id.*

insurance company Gallagher Bassett.[20] No settlement funds were paid to settle the claims of the passengers of the Durango. The fraudulent lawsuit filed on behalf of Dakota Diggs ("Diggs"), who had been a passenger in the F-150, resulted in two settlement payments by two different insurance companies.[21]

## II. STANDARD OF LAW

The Mandatory Victims Restitution Act ("MVRA") "makes restitution mandatory for certain crimes, 'including any offense committed by fraud or deceit.'" *United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010) (quoting 18 U.S.C. § 3663A(c)(1)(A)(ii). "The purpose of restitution under the MVRA is to compensate victims for losses, not to punish defendants for ill-gotten gains." *United States v. Sharma*, 703 F.3d 318, 321 (5th Cir. 2012).

The MVRA requires that the Court order a defendant to pay restitution "to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense . . . including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2).

"[W]here a fraudulent scheme is an element of the conviction, the court may award restitution for actions pursuant to that scheme." *United States v. Swenson*, 25

---

[20] *Id.*
[21] *Id.* at 4.

4

F.4th 309, 322 (5th Cir. 2022) (quotations and citations omitted). "[B]ecause a participant in a conspiracy is legally liable for all the actions of his co-conspirators," the sentencing court may "order restitution for the losses resulting from the entire fraudulent scheme and not merely the losses directly attributable to the defendant's actions." *United States v. Shelton*, 694 F. App'x 220, 223–24 (5th Cir. 2017) (per curiam) (unpublished) (quotation, citation, and alteration omitted). However, "a defendant is liable in restitution only for the *reasonably foreseeable* losses caused by their co-conspirators." *Id.* at 224 (emphasis added).

Pursuant to the MVRA, "[i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). "In some instances, courts apply a hybrid approach in imposing restitution—frequently employing a combination of the apportionment of liability approach while concurrently making all of the defendants jointly and severally liable." *United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016) (citations omitted). "[I]n doing so, courts may not award restitution that would result in the payment to the victim of an amount greater than the victim's loss, nor may the district court award restitution to victims that have not been directly and proximately harmed by a defendant's offense." *Id.* (quotations and citations omitted).

The government bears "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. § 3664(e). "[T]he burden [then] shifts to the defendant to prove the inaccuracy of the loss calculation." *United States v. Dickerson*, 909 F.3d 118, 130 (5th Cir. 2018). "In making its factual findings for sentencing, a district court may adopt the findings of the PSR without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable." *Id.* at 129 (quotation and citation omitted).

### III.   ANALYSIS

The government requests that Gale be sentenced to pay restitution in the amount of $20,408.48, consisting of $9,408.48 to Gallagher Bassett for legal fees incurred in connection with the fraudulent lawsuits filed by Gale, Smith, and Francois; $5,000 to National Union Fire Insurance Company representing a settlement payment made to Diggs; and $6,000 to Financial Indemnity Company representing a separate settlement payment made to Diggs. The government requests that Gale be held liable for these amounts jointly and severally with his co-conspirators.

Gale argues that the Court cannot "hold Mr. Gale liable for the losses incurred due to settlement payments made to Diggs because [those losses] were not caused by any action undertaken by Mr. Gale or his co-conspirators."[22] Gale argues that "[t]he

---

[22] R. Doc. No. 615-1, at 4.

mail fraud he conspired to commit was regarding a lawsuit filed in May 2018 only on behalf of him[self] and Troy Smith" and that he should therefore be held responsible only for losses associated with that lawsuit.[23] Gale argues that he only conspired to commit mail fraud with those with whom he sought legal services—*i.e.*, the other passengers in the Durango and their attorneys, not the passengers of the F-150.

Count one of the indictment, to which Gale pleaded guilty, charged Gale with conspiring with the passengers of both the Durango and the F-150.[24] As described above, the factual basis demonstrates that the occupants of both vehicles agreed to participate in staged accidents on the same day and that the occupants of the Durango observed the accident involving the F-150 before taking part in the second collision.[25] Gale's factual basis specifically states that he "conspired to commit mail fraud in connection with *two* staged accidents that occurred on May 17, 2017."[26] The lawsuit filed on behalf of Diggs was no doubt "pursuant to" the scheme to commit mail fraud by filing fraudulent lawsuits in connection with staged accidents. *Swenson*, 25 F.4th at 322. And though Gale argues in the instant motion that the

---

[23] *Id.*

[24] R. Doc. No. 1, at 1.

[25] Gale appears to argue in the instant motion that he did not conspire to commit mail fraud with the occupants of the F-150. As Gale notes, a "[c]onspiracy is [an] agreement to join a common scheme to commit an unlawful goal" *United States v. Ganji*, 880 F.3d 760, 768 (5th Cir. 2018). "The agreement itself is the criminal act." *Id.* (cleaned up) (quotation and citation omitted). As discussed above, the factual basis is clear that the occupants of both vehicles participated together in the staged accidents and subsequently filed fraudulent lawsuits based on those staged accidents. Because the occupants of both vehicles agreed to participate in this scheme together, it is immaterial that they pursued separate lawsuits or sent separate mailings to achieve that goal.

[26] R. Doc. No. 110, at 1 (emphasis added).

settlement payments to Diggs was not caused by his actions, he does not argue that those payments were not reasonably foreseeable to him. *Shelton*, 694 F. App'x 220, 223–24. Accordingly, the Court finds that Gale should be held accountable for the settlement payments made to Diggs.

Gale also argues that the Court should exercise its discretion and hold Gale responsible for a lesser amount of restitution because "he was not a major player in any scheme to stage fake accidents" and is therefore less culpable than his co-conspirators.[27] He also argues that, because his counsel contacted counsel for Gallagher Bassett on February 7, 2020, to advise Gallagher Bassett that Gale did not intend to pursue civil litigation against Gallagher Bassett, that he "should only be held liable for restitution that corresponds with his level of culpability and expenses incurred up to the date of his informing [counsel for Gallagher Bassett], through counsel, of his intent not to pursue the litigation."[28] He further argues that his liability should be reduced because "[a] review of the request submitted by the government indicates many of the [expenses] submitted [as to Gallagher Bassett's expenses] relate to Marvel Francois' lawsuit."[29]

---

[27] *Id.* at 5.
[28] *Id.* at 6.
[29] R. Doc. No. 615-1, at 6. To the extent that Gale argues that he did not conspire with Francois, that argument fails for the same reasons that his argument as to Diggs fails. Additionally, Gale and Francois participated in the same collision, and filed lawsuits that, though initially separate, were later consolidated. R. Doc. No. 617-3, at 2.

8

As with the Diggs settlement, Gale never argues that the legal expenses incurred by Gallagher Bassett were unforeseeable to him.[30] *Shelton*, 694 F. App'x 220, 223–24. Gale provides no authority for the proposition that informal notice of intent not to pursue litigation warrants reduction in restitution, especially in light of the fact that the government represents that the litigation is still pending.[31] Gale does not argue that he dismissed the lawsuit or otherwise formally abandoned his claims. Accordingly, the Court finds that Gale should be held responsible for the full extent of the legal expenses incurred by Gallagher Bassett.

As noted above, the MVRA allows courts to impose restitution jointly and severally or to apportion it based on relative culpability. 18 U.S.C. § 3664(h). The Eleventh Circuit has noted that "[t]he very reason for imposing joint and several liability is that 'as between innocent [parties] and culpable [parties][,] the latter should bear th[e] risk' that some defendants will ultimately be unable to pay." *United States v. Puentes*, 803 F.3d 597, 605 (11th Cir. 2015) (quoting Restatement (Third) of Torts: Apportionment Liab. § 10 cmt. a (2000)) (third and fourth alterations in *Puentes*). Moreover, as noted, "[t]he purpose of restitution under the MVRA is to compensate victims for losses, not to punish defendants for ill-gotten gains." *Sharma*, 703 F.3d at 321. So long as a restitution order is "tied directly to losses sustained by

---

[30] To the extent that Gale argues that he did not conspire with Francois, that argument fails for the same reasons that that argument as to Diggs fails. *Supra* n.24. Additionally, Gale and Francois participated in the same collision, and filed lawsuits that, though initially separate, were later consolidated. R. Doc. No. 617-3, at 2.

[31] Gale does not argue that he dismissed the lawsuit or otherwise formally abandoned his claims.

9

the victim, it is proportional." *United States v. Arledge,* 553 F.3d 881, 899 (5th Cir. 2008) (affirming district court's imposition of restitution jointly and severally with regard to co-conspirators involved in a fraudulent scheme, and noting that the defendant could "seek contribution from his co-conspirators to pay off the restitution award and reduce the amount he personally owes"). As discussed throughout this opinion, Gale conspired with his co-defendants to commit mail fraud, resulting in reasonably foreseeable losses. Therefore, he may properly be held responsible for the full extent of those losses. In order to maximize the chance that the victims obtain full compensation for those losses, the Court declines to apportion liability and will impose the restitution jointly and severally. 18 U.S.C. § 3664(h).

## IV. CONCLUSION

**IT IS ORDERED** that Gale's motion in opposition to the government's restitution request[32] is **DENIED**.

**IT IS FURTHER ORDERED** that Gale is ordered to pay $9,408.48 to Gallagher Bassett jointly and severally with Troy Smith, Marvel Francois, Damian Labeaud, Florence Randle, and Patrick Keating; $5,000 to National Union Fire Insurance Company jointly and severally with Troy Smith, Marvel Francois, Florence Randle, Stacie Wheaten, Dakota Diggs, Henry Randle, Ryan Wheaten, Damian Labeaud, and Patrick Keating; and $6,000 to Financial Indemnity Company jointly and severally with Florence Randle, Stacie Wheaten, Troy Smith, Marvel Francois, Dakota Diggs, Henry Randle, Ryan Wheaten, Damian Labeaud, and Patrick Keating.

---

[32] R. Doc. No. 615.

**IT IS FURTHER ORDERED** that the Judgment as to Gale be amended to reflect the restitution imposed above.

**IT IS FURTHER ORDERED** that Gale shall make restitution to the above victims, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries.

The payment is subject to increase or decrease, depending on the defendant's ability to pay. Any payment made that is not payment in full shall be divided proportionately among the victims. Payments shall be made payable to the Clerk, United States District Court, and are to be forwarded to the following address:

U.S. CLERK'S OFFICE
ATTN.: FINANCIAL SECTION
500 POYDRAS STREET
ROOM C151
NEW ORLEANS, LOUISIANA 70130

Restitution shall be paid in monthly installments of $250. The first installment shall be paid within 30 days of this date.

New Orleans, Louisiana, May 24, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**